IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Melchasade K. Chandler,<br>Plaintiff, | )<br>)<br>) |
| v. | )    1:09cv483 (LMB/TCB) |
| | ) |
| V. Cordova and Chesapeake City Jail,<br>Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Melchasade K. Chandler, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants, nurse V. Cordova and the Chesapeake City Jail, violated his Eighth Amendment rights. Plaintiff has also file an application to proceed in forma pauperis. After reviewing plaintiff's complaint, the claim against defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

In his complaint, plaintiff alleges that on April 19, 2009, defendant Nurse Cordova was "doing med call" and plaintiff asked her for some "Tums" because he was not feeling well. Plaintiff alleges that Cordova refused to give him Tums, but then proceeded to give another inmate Tums a

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

short time later. When asked by plaintiff why she refused him Tums but provided it to the other inmate, plaintiff alleges that Cordova replied, "Because I hate you." Plaintiff states that a deputy by the name of "Wall" who was working the pod area in which plaintiff and defendant were located, heard this comment and "wrote [defendant] up." Plaintiff adds that he filed a grievance regarding Cordova's comment, though he seems to indicate that he has not received a response from jail officials. Plaintiff asserts that the medical department at the jail is being "very inconsiderate" because it "still sends [Cordova] to the pod to check [plaintiff's] blood sugar." Plaintiff, who is diabetic, states that he is "scared" to receive any medication from Cordova because there is "no telling what she'll do," so he has been refusing his insulin. As a result, plaintiff alleges that the medical department at the jail is "being cruel" in violation of his Eighth Amendment rights. Compl. 5. Plaintiff seeks only injunctive relief, and asks this Court to transfer him to the Virginia Department of Corrections. Compl. 6.

Pursuant to 28 U.S.C. § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and construed in plaintiff's favor. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). However, although the complaint "does not need detailed factual allegations," the facts alleged must be sufficient to raise plaintiff's claim above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see id. at 570 (determining that where a complaint did not allege facts sufficient to nudge the claims "across the line from conceivable to plausible," the complaint must be dismissed).

2

As an initial matter, plaintiff has named the Chesapeake City Jail, specifically the medical department, as a defendant in this action, stating only that the medical department is being inconsiderate by sending Nurse Cordova to see him regarding his medical needs. However, jails and departments therein are not "persons" under § 1983.[2] As a result, plaintiff has failed to state a claim against this defendant.

Plaintiff also appears to allege that his Eighth Amendment right to be free from cruel and unusual punishment is being violated by Nurse Cordova as a result of the comment she made regarding her feelings towards plaintiff. To state a claim of cruel and unusual punishment, plaintiff must allege and prove: (1) an objectively serious deprivation of a basic human need, one causing serious physical or emotional injury, and (2) that prison officials acted with deliberate indifference to his needs. Farmer v. Brennan, 511 U.S. 825, 834 (1994); see Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (defining serious deprivation as evidence of a serious medical and emotional deterioration attributable to the challenged condition). As to the first prong, the Supreme Court has stated that "[t]he Constitution, 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981)). Thus, the deprivation must result in a serious injury to the prisoner. Strickler, 989 F.2d at 1381 ("If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected

---

[2] The language of 42 U.S.C. § 1983 states that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

to cruel and unusual punishment within the meaning of the [Eighth] Amendment.").

Here, plaintiff has failed to allege any facts to support a claim of cruel and unusual punishment. Plaintiff points to no life necessity of which prisons officials have deprived him. Rather, plaintiff states that he alone is choosing to refuse his insulin because he does not know what Cordova will "do." However, one comment made by defendant, albeit inappropriate and perhaps unpleasant for plaintiff, and a refusal to provide plaintiff with "Tums" when he was not feeling well do not support the implication made by plaintiff that she will "do" anything to compromise plaintiff's health or well-being when providing him with his insulin. As plaintiff himself notes, Cordova was written up by the deputy on duty for her comment, and plaintiff has alleged no additional acts or statements to support his assumption that she has or will jeopardize his health or compromise his medication. Moreover, plaintiff has presented no facts demonstrating that he has suffered any serious injury as a result of Cordova's comment, or her refusal to provide him with Tums on this one occasion. At worst, the facts indicate that Cordova directed an unprofessional and distasteful comment towards plaintiff, which may have upset plaintiff but, based on the facts presented in his complaint, have done no more than that. Thus, taking all the facts presented as true, plaintiff has failed to state a claim for cruel and unusual punishment.

Additionally, even if defendant's comment constituted verbal abuse, that alone does not rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished). A verbal threat combined with action apparently designed to carry out the threat, however, may state an Eighth Amendment claim. See Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir. 1978). Here, although Cordova made an inappropriate comment regarding her feelings towards plaintiff and

refused to give him Tums, her language and behavior do not rise to the level of a threat, nor does plaintiff allege any action taken by Cordova designed to carry out any possible threat that could be implicit in her comment or behavior. In fact, as plaintiff notes in his complaint, Cordova continues to attempt to treat and monitor plaintiff's diabetes, yet plaintiff himself is refusing any treatment from her.

Finally, although he does not specifically articulate such a claim, based on the facts alleged, plaintiff's complaint can be liberally construed to allege an Eighth Amendment claim of denial of reasonable medical care. To support a claim of a denial of reasonable medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Thus, plaintiff must first demonstrate a sufficiently serious medical need. See, e.g., Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, a plaintiff must show deliberate indifference to that serious medical need; mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier, 896 F.2d at 851. Additionally, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

Here, plaintiff has failed to allege that he had a sufficiently serious medical need. Rather, plaintiff states only that on one occasion he was not "feeling well" and requested some "Tums."

Such facts fall far short of demonstrating a serious medical need; instead, plaintiff's symptoms rise at most to the level of discomfort or unpleasantness. He did not allege that these symptoms got worse as a result of Cordova's refusal to provide him with Tums, or that these symptoms persisted beyond this one occasion. Without facts to demonstrate that plaintiff had a sufficiently serious medical need, plaintiff has failed to state a claim for denial of reasonable medical care pursuant to the Eighth Amendment. Therefore, the instant complaint will be dismissed pursuant to § 1915A for failure to state a claim.[3]

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[4] this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

---

[3] Although also not expressly stated, plaintiff appears to seek to hold the Chesapeake City Jail liable for not responding to his grievance form, stating that the jail is being "inconsiderate" for "not responding." Although plaintiff may wish to allege such a claim as a violation of his constitutional rights, the Constitution "creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Mitchell v. Murray, 856 F. Supp. 289, 294 (E.D. Va. 1994). Because a state's grievance procedure confers no substantive rights upon prison inmates, a prison official's failure to comply with the grievance procedures is not actionable under § 1983, and this claim too must be dismissed for failure to state a claim pursuant to § 1915A. See Adams, 40 F.3d at 75; Mitchell, 856 F. Supp. at 294.

[4] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to enter judgment in favor of defendants pursuant to Fed. R. Civ. P. 58, and send of copy of this Memorandum Opinion and Order to plaintiff.

Entered this 26th day of May 2009.

Alexandria, Virginia

/s/
Leonie M. Brinkema
**United States District Judge**